UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., AMAZON.COM SERVICES LLC, OOFOS INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANGEL SELLER, et al, <br><br> Defendants. | CASE NO. 2:23-cv-00898 TMC <br><br> **ORDER DENYING EX PARTE MOTION FOR ALTERNATIVE SERVICE WITHOUT PREJUDICE** |

Before the Court is the *ex parte* motion for alternative service of process of Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and Oofos, Inc. ("Oofos," and with Amazon, "Plaintiffs"). Dkt. 12. Plaintiffs seek an order authorizing them to complete service of process by email on Defendants GuangMing Tang ("Defendant Tang"), Hui Yang ("Defendant Yang"), Kang Sun ("Defendant Sun"), Wenjie Fan ("Defendant Fan"), Xiaofei Liu ("Defendant Liu"), Zhi Li ("Defendant Li"), Yachun He ("Defendant He"), and Haiqing Hu ("Defendant Hu") (collectively, "Defendants"). Dkt. 12. For the reasons stated herein, the Court denies the motion without prejudice.

BACKGROUND

A.  Defendants' Selling Accounts

On June 14, 2023, Plaintiffs filed a Complaint alleging claims for trademark infringement, false designation of origin, and false advertising under the Lanham Act; violation

ORDER DENYING EX PARTE MOTION
FOR ALTERNATIVE SERVICE WITHOUT
PREJUDICE - 1

of the Washington Consumer Protection Act; and breach of contract – arising from Defendants' unlawful sale of counterfeit Oofos-branded products in the Amazon.com store (the "Amazon Store") in violation of Amazon's policies and Oofos's intellectual property rights. Dkt. 1.

Plaintiffs allege Defendants sold their counterfeit Oofos-branded products through eleven Amazon selling accounts (the "Selling Accounts") ("Angel Seller"; "Angel Seller."; "Angel uu"; "Antonious New"; "BH-Boston"; "Briceno LLC"; "Briceno LLC."; "BricenoLLC."; "Empressiv Glow Hydration and Wellness, LLC."; "Premier Outlets"; "True LLC"). Dkt. 12, fn.1; Dkt. 14, Declaration of Elaine Haskel ("Haskel Decl.") ¶ 4. Defendants registered these email addresses to create their Selling Accounts, access Amazon Seller Central[1], and conduct business through their Selling Accounts. Dkt. 14, Haskel Decl., ¶ 5. These email addresses are also the primary means of communication from Amazon to Defendants. *Id*.

On January 11, 2024, Plaintiffs directed test emails be sent to Defendants. Dkt. 13, Declaration of Lauren Rainwater, ¶ 7. These test emails apprised Defendants of the lawsuit and contained courtesy copies of the Amended Complaint, civil cover sheet, and summonses. Plaintiffs received no error notices, bounce back messages, or other indications that the mails failed to deliver for at least one email address for each defendant and specifically, as to the following email addresses: Defendant Tang through the adrapedoloris2@gmail.com and andrewggregorio@outlook.com email addresses registered to the "BH-Boston" and "Briceno LLC" Selling Accounts, respectively; Defendant Yang through williamkroeder@outlook.com email address registered to the "Angel uu" Selling Account; Defendant Sun through the

---

[1] "Seller Central" is the online portal sellers use to access their selling accounts, list products for sale, manage sales and inventory, track payments and returns, and manage advertising programs. Dkt. 14, Haskel Decl., fn.1.

ORDER DENYING EX PARTE MOTION
FOR ALTERNATIVE SERVICE WITHOUT
PREJUDICE - 2

rawleslini@outlook.com and zwgaagd75h186@outlook.coms email addresses registered to the "Empressiv Hydration and Wellness, LLC." and "BricenoLLC." Selling Accounts; Defendant Fan through the jamilapercey@outlook.com email address registered to the "True LLC" Selling Account; Defendant Liu through the sebasroone@gmail.com email address registered to the "Antonious New" Selling Account; Defendant Li through the mathewaleanos@hotmail.com and eskriotoni09@gmail.com email addresses registered to the "Angel Seller" and "Briceno LLC." Selling Accounts; Defendant He though the vivianytrabucco@outlook.com email address registered to the "Angel Seller." Selling Account; and Defendant Hu through the adriennekrangelk@outlook.com email address registered to the "Premier Outlets" Selling Account. Dkt. 14, Haskel Decl.; Dkt. 13, Rainwater Decl., ¶ 7.

B.     Plaintiffs' Investigation

Plaintiffs enlisted a private investigator who used public records and specialized tools to research the information Defendants provided to Amazon when registering their Selling Accounts. Dkt. 13, Rainwater Decl., ¶¶ 2-3. According to Plaintiffs, this investigation revealed Defendants sought to evade Amazon's seller verification processes by providing misleading or fraudulent documents and information in connection with their Selling Accounts. *Id*.

Plaintiffs also obtained information from Payoneer Inc. ("Payoneer") related to the virtual bank accounts Defendants provided to Amazon when registering their Selling Accounts to receive and transfer proceeds from their sale of products in the Amazon Store. Dkt. 13, Rainwater Decl. ¶ 3. *Id*. Payoneer's information revealed that Defendants Tang, Yang, Sun, Fan, Liu, Li, He, and Hu registered Payoneer bank accounts that were linked to at least one Selling Account. *Id*. Based on the Defendants' control over the financial accounts that were registered to receive disbursements from the alleged counterfeit sales made by the Selling Accounts, Plaintiffs

1  filed a First Amended Complaint on January 10, 2024, naming these Defendants.

2      Payoneer's response further indicated that the overwhelming majority of IP addresses

3  from which each Defendant accessed their respective Payoneer account, traced back to China.

4  Dkt. 13, Rainwater Decl., ¶ 4. Payoneer also disclosed potential physical addresses for

5  Defendants in China, which Plaintiffs provided to their investigators. *Id*. ¶ 5. Plaintiffs'

6  investigators were not able to confirm Defendants lived at the addresses associated with their

7  Payoneer accounts or that the addresses were related to counterfeiting activity. *Id*. Plaintiffs do

8  not provide any facts or information to support this attempt to confirm the viability of

9  Defendants' addresses.

10                                      DISCUSSION

11     Proper service requires satisfying both Fed. R. Civ. P. 4 and constitutional notions of due

12 process. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir.

13 2002). The Ninth Circuit has "commit[ted] to the sound discretion of the district court the task of

14 determining when the particularities and necessities of a given case require alternate service of

15 process under Rule 4(f)(3)." *Rio Properties,* 284 F.3d at 1016. The party requesting alternate

16 service must "demonstrate that the facts and circumstances of the present case necessitate[ ] the

17 district court's intervention." *Id*.

18     "Courts consider a variety of factors when evaluating whether to grant relief under Rule

19 4(f)(3)[,] including whether the plaintiff identified a physical address for the defendant, whether

20 the defendant was evading service of process, and whether the plaintiff had previously been in

21 contact with the defendant." *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co*., 2019 WL

22 6310564, at *2 (W.D. Wash. Nov. 25, 2019). Rule 4's various requirements for service of

23 process are more than mere "technicalities" and the desire for expedience and efficiency alone is

ORDER DENYING EX PARTE MOTION
FOR ALTERNATIVE SERVICE WITHOUT
PREJUDICE - 4

1    not sufficient to justify alternative service. *See*, *e.g.*, *U.S. Aviation Underwriters, Inc. v. Nabtesco*
2    *Corp.*, 2007 WL 3012612, at *2 (W.D. Wash. Oct. 11, 2007).

3        Plaintiffs acknowledge the Hague Convention is relevant here as Defendants appear to be
4    physically located in China and China is a signatory to the Hague Convention on the Service
5    Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). Dkt. 13, Rainwater
6    Decl., ¶¶ 2, 4-5. [2] The primary method of service under the Hague Convention is for each
7    signatory country to establish a Central Authority, which serves as a channel for receiving
8    requests for and handling service of process within the country. Plaintiffs are not required to
9    have attempted Hague Convention service under Rule 4(f)(1) before seeking service under Rule
10   4(f)(3). *See Rio Properties,* 284 F.3d at 1015. Federal Rule of Civil Procedure 4(f)(3) and the
11   Hague Convention allow for service via email on Chinese defendants. *See*, *e.g.*, *Amazon.com,*
12   *Inc. v. Dafang Haojiafu Hotpot Store*, 2021 WL 4307067 (W.D. Wash. Sept. 22, 2021) (granting
13   plaintiffs' motion for alternative service via email on defendants believed to reside in China) (J.
14   Martinez); *Amazon.com, Inc. v. Sirowl Tech.*, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4,
15   2020) (same) (J. Martinez).

16       Regardless of the method of service chosen, due process requires the method crafted by
17   the district court be "reasonably calculated, under all the circumstances, to apprise interested
18   parties of the pendency of the action and afford them an opportunity to present their objections."
19   *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) (collecting cases).
20   Plaintiff bears the burden of effectuating proof of service. *See Butcher's Union Local No. 498,*

---

[2] China is a signatory to the Hague Convention. See Contracting Parties, Hague Conference on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited November 15, 2023).

ORDER DENYING EX PARTE MOTION
FOR ALTERNATIVE SERVICE WITHOUT
PREJUDICE - 5

*United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).

While Plaintiffs may not be required to have attempted Hague Convention service under Rule 4(f)(1) before seeking service under Rule 4(f))3), Plaintiffs' investigation revealed potential physical addresses in China for the Defendants, albeit Plaintiffs' investigators could not confirm if Defendants lived at the addresses. Dkt. 13, Rainwater Decl., ¶ 4. However, Plaintiffs make no effort to show how this determination was made or that the Chinese addresses are incorrect or otherwise inadequate for purposes of serving Defendants. Plaintiffs also provide no proof they attempted, but were unsuccessful, in serving Defendants at their addresses in China.

Plaintiffs have also failed to demonstrate that Defendants may be evading service of process. *See, e.g.*, *Rio Properties, Inc.*, 284 F.3d at 1012–13 (where defendant was aware of pending litigation and was purposefully evading service). Plaintiffs have not shown that any Defendant might even be aware of the pending action, much less actively evading service. Plaintiffs do not indicate they have made any attempts to contact Defendants—or counsel, agents, or anyone who might be associated with Defendants. While it appears, Defendants have made it difficult to ascertain their identities and contact information, this is not sufficient to show that Defendants are actively evading service.

Plaintiffs also fail to point to any communication with Defendants that might give the Court some comfort on the appropriateness of alternative service through email. Plaintiffs do not indicate whether they have recently made any attempt to communicate with Defendants over email, through Defendants' Amazon Selling Accounts, or by any other means.

Service by email has been found to be reasonably calculated to provide notice and an opportunity to respond where the defendant "has embraced the modern e-business model and profited immensely from it…. and structured its business such that it could be contacted only via

ORDER DENYING EX PARTE MOTION
FOR ALTERNATIVE SERVICE WITHOUT
PREJUDICE - 6

its email address." *See*, *e.g.*, *Rio Properties,* 284 F.3d 1007, 1016–18. Other courts have allowed service by email where the plaintiffs have demonstrated an inability to obtain a valid physical address for defendants, defendants conduct business through the internet, and email is the defendants' preferred method of communication. *See*, *e.g.*, *Sirowl Tech.*, 2020 WL 7122846, at *3; *Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1 (quoting *Sirowl Tech.*, 2020 WL 7122846, at *3) (J. Martinez)); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

In the Amended Complaint, Plaintiffs allege Defendants established the Selling Accounts between November 1, 2021, and April 24, 2023. Dkt. 8, ¶ 35. Plaintiffs also allege they blocked Defendants' Selling Accounts, but do not state when this occurred. *Id.*, ¶ 48. Plaintiffs maintain the email addresses used by Defendants to register their Selling Accounts and the email addresses Defendants provided to Payoneer to receive payments from those Selling Accounts are their only valid source of contact information for the Defendants. In addition, the test emails sent to these email addresses on January 11, 2024 did not bounce back.

However, Plaintiffs do not identify when each of the Defendants last used their Selling Accounts, when each Selling Account was blocked, and whether Defendants are still receiving funds through Payoneer. The information provided to the Court at this juncture shows only that a particular email address is still functioning, not that Defendants are in fact, monitoring the email accounts or that the email accounts are still in use or have been used recently.

Although several courts have found that alternative service by email is satisfied when the plaintiff demonstrates the email addresses at issue are valid because they did not "bounce back," in most of these cases, there were indicia that the defendants would in fact receive notice of the

ORDER DENYING EX PARTE MOTION
FOR ALTERNATIVE SERVICE WITHOUT
PREJUDICE - 7

lawsuit if the plaintiffs served them by email. *See*, *e.g.*, *Rio Properties*, 284 F.3d at 1017 (summons and complaint emailed to defendant's international courier who provided documents to defendants' attorney); *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *2 (N.D. Cal. July 31, 2018) (no error messages received in response to the test emails and many defendants responded to the emails). *See also*, *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023) (due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages."). For example, in *Amazon.com, Inc. v. Tian*, No. C21-00159TL, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17, 2022), the court denied alternative service by email where there was no evidence the defendants had actual notice of the lawsuit and where the plaintiffs did not point to "recent communications with the defendants that demonstrated the reliability of the proposed form of alternative service."

Plaintiffs have not provided proof of "recent communications with the defendants" and have not demonstrated that serving Defendants via emails linked to accounts established and/or closed at some time between November 1, 2021, and April 24, 2023, is reasonably calculated, under all the circumstances, to apprise Defendants of this action and afford them the opportunity to object. *See Mullane*, 229 U.S. at 314. Accordingly, the Court **DENIES** Plaintiff's motion (Dkt. 12) without prejudice to renewing their motion with evidence that Defendants' Selling Account email addresses remain a reliable means of communicating with Defendants.

DATED this 22nd day of January, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING EX PARTE MOTION
FOR ALTERNATIVE SERVICE WITHOUT
PREJUDICE - 8